UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ORTIZ-LEDEZMA,<br><br>            Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Attorney General, et al.,<br><br>            Respondents. | 1:10-cv-01908 MJS HC<br><br>ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>[Doc. 15] |

Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 13, 2010. Petitioner asserts his detention by the Bureau of Immigration and Customs Enforcement ("ICE") violates United States statutes and his constitutional right to due process of law. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

**I.    BACKGROUND**

Petitioner is a native of Mexico. Petitioner was taken into custody and placed in removal proceedings in April of 2010. In the habeas petition filed October 13, 2010, Petitioner asserts only that his continued detention violated the doctrine stated by the United States Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

## II. ANALYSIS

Respondent presents evidence to the Court that Petitioner was removed from the United States to Mexico on January 4, 2011. Because the petition for habeas relief attacks only the legitimacy of Petitioner's continued detention, the petition is now moot. The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54, 108 L. Ed. 2d 400 (1990) (internal quotations omitted). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

The relief that Petitioner requested in his habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by the Court. Therefore, this habeas action, alleging his continued detention violates federal law and his constitutional rights, is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (holding that "there must be some remaining 'collateral consequence' that may be redressed by success on the petition" in order to continue to seek habeas corpus relief); Picrin-Peron, 930 F.2d at 775.

The United States Supreme Court has held that speculation and conjecture of future improper conduct is insufficient to defeat mootness, and that the "the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." City of L.A. v. Lyons, 461 U.S. 95, 101-02, 108-09, 103 S. Ct. 1660, 1664-65, 75 L. Ed. 2d 675 (1983) (internal quotations omitted). As Petitioner is no longer detained, his habeas petition alleging that his detention was unauthorized and unconstitutional is now moot. See Kaur v. Holder, 561 F.3d 957, 959 (9th Cir. 2009); Abdala, 488 F.3d at 1064-65.

## III. CONCLUSION

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention. Petitioner is no longer detained as he has

been removed from the United States. There is no existing case or controversy over which this Court may exercise jurisdiction. Accordingly the case is moot and must be dismissed.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice; and

2. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:   June 3, 2011                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE